## LOVELL a. MARTIN.

*New York Common Pleas ; General Term, September*, 1860.

ARREST.—FRAUD IN CONTRACTING DEBT.

Where defendant after having borrowed money on a promise to apply it to a
specific use, converted it to another.
  *Held*, that he was liable to arrest for a fraud in contracting the debt.

Appeal from an order refusing to vacate an order of arrest.

The facts are stated in the opinion.

By THE COURT.—HILTON, J.—I can perceive no reason for
vacating the order of arrest granted in this case. It appears
that the defendant procured the money of the plaintiff upon
representing that he intended with it to establish a certain
business, and employ the plaintiff's husband as clerk, at a salary
equal to one-half of the profits to be derived from it. After
thus getting possession of the money, instead of using it in es-
tablishing the business contemplated, he appropriated it to his
individual use, and thus violated the promise upon which he
obtained it. I think upon these facts we are justified in assum-
ing that the representations upon which the plaintiff was induced
to part with her money, were made with a fraudulent intent, and
with a preconceived design to defraud her.

But it is claimed that the promise was executory, no subse-
quent state of facts can afford any presumption of its having
been made with a fraudulent design and intent, unless accom-
panied by proof of the actual state and condition of the mind
of the defendant at the time the promise was made ; and as
here, this proof is wanting, the case does not, therefore, fall
within the provisions of the Code (§ 179), which authorize the
arrest of a party.

The answer to this view is, that the language of the section
is broad and general. It allows the arrest of a party in every
case where he has been guilty of a fraud in contracting the

Lovell *a.* Martin

debt, or incurring the obligation for which the action is brought, and is intended to cover all cases where, from the facts presented, it can be judicially determined that an actual fraud was intended and accomplished. To say that it must be confined to those cases when the proof with absolute certainty shows that the intent of the party at the time of incurring the obligation was to perpetrate a fraud, and that such an intention cannot be presumed from subsequent circumstances, would in effect so limit the application of the section as to render it comparatively useless, either for the purpose of deterring parties from committing a fraud, or as a means of punishment in cases where fraud is established. In very many instances it is impossible to show the intent which animated the party at the time he incurred the obligation, except from his subsequent conduct and acts, and these are frequently such as would bring conviction to any mind, that a fraud was perpetrated and intended; and thus, in the present case, the money was procured by inducing the plaintiff to believe and put faith in the representations of the defendant, that he intended with it to establish a business which would enable him to give employment to her husband, while at the same time she would be secure from loss, as the business would in its very nature be so safe and lucrative as to enable him to return the amount loaned at the end of a year. Having induced this belief, and by it obtained the money desired, instead of using it as promised, he applied it to other and entirely different purposes; and this is, in my opinion, sufficiently established by a reasonable inference, that he intended at the time to practise a fraud upon the plaintiff. He certainly knew that if he had represented that he wanted the $5,000 for his individual purposes, that he intended going into no business, and did not purpose giving employment to her husband, she would not have parted with her money; but knowing her desires, he shaped his promises accordingly, and thus by fraud and deception incurred the obligation now sought to be enforced in this action.

Were this not so, he would have returned her the money when he found he could not fulfil the promises upon which he obtained it; and not having done so, renders him liable to the consequences which the law awards for such conduct.

Order at special term affirmed, with $10 costs.